**Dated: October 23, 2015**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF OKLAHOMA

In re:

JIMMY RAY STEPP, JR. and    Case No. 11-80247-TRC
CHERYL ANN STEPP,           Chapter 13
               Debtors.

## OPINION

Before the Court is Trustee's Motion to Modify Plan (Docket Entry 75) and Modified Plan (Docket Entry 77), and Debtors' Objection (Docket Entry 83). The Court held an evidentiary hearing on this matter on October 8, 2015, and took it under advisement. This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)((L).

After reviewing the evidence and applicable statutory and case law, the Court concludes that Debtors' monthly plan payment should be increased by $ 731.31 for the remainder of the plan term, and will enter a separate order of confirmation.

**I.      Findings of Fact.**

Debtors Jimmy R. Stepp, Jr. and Cheryl A. Stepp ("Stepps") filed this Chapter 13 case on March 3, 2011. At that time, their combined total monthly net income reported on Schedule I was $ 4,233.31. Total monthly expenses were listed at $ 3,481.78 on Schedule J. A sixty month plan was confirmed on May 25, 2011 (Docket Entry 29). This plan was modified on March 15, 2014, setting Debtors' monthly payment at $ 1,354.00 for the remainder of the plan term (Docket Entry 70). After reviewing Debtors' 2014 Federal Income Tax Returns, Trustee sought another modification of Debtors' plan to increase their plan payments by $ 1,000 per month to $ 2,354.00. Debtors responded by amending Schedules I and J and objecting that they could not afford to increase their plan payments that much for the remaining months of their plan. Schedule I was amended to reflect total combined monthly net income of $ 5,910.56, and stated that Debtor Jimmy Stepp expected a decrease in his income for the fall of 2015 and winter of 2016 due to the seasonal nature of his work. Schedule J was amended to reflect an increase in monthly expenses, with total monthly expenses listed at $ 4,052.25. Total monthly net income was listed as $ 1,858.31. At trial, Debtors and Trustee stipulated that monthly net income should actually be $ 1,885.31. Debtors' current car insurance payment is $603 per month -not $ 630 as listed - and includes approximately $200 per month Debtors are paying for their twenty-two (22) year old son who is not living in the home. The Line 21 amount for "Payment on post-petition medical bills" of $100 is for their daughter's braces. She is a senior in high school and lives in the home. Trustee has not objected to the $ 100 monthly expense for school activities. The requested increase in Debtors' plan payment will go to pay credit card debt. At trial, Trustee modified his request to increase plan payments pursuant to the amended schedules. However, he believes Debtors' disposable income to be $ 300 more than listed on Amended Schedule J as corrected per the parties'

stipulation, suggesting that Debtors should not be allowed to include the car insurance payment for their son nor the payment for their daughter's braces. Thus, Trustee seeks to increase Debtors' plan payments for the final months of their plan to reflect disposable income of $2,185.31, not the $ 1,885.31 in Debtors' amended Schedule J.

Cheryl Stepp was the sole witness before the Court. She testified that she and her husband experienced an increase in their income in 2014 of approximately $ 28,000 over the previous years. However, she stated that they would not maintain that income throughout 2015. She submitted pay advices from her husband's employment for a roof shingle manufacturer dated September 19, 2014 and September 25, 2015. These reflect a year-to-date approximate decline in his earnings of $ 8,200.00 from 2014 to 2015. She testified that the fall and winter months of his employer's business are slow and, historically, his income falls during those months. He is laid off for some of these months, then is rehired when business picks up in the spring. At filing, their household size was four people but it is now three people since their son has moved out. Addressing the Trustee's comments about expenses they included, Stepp stated that she and her husband are trying to help their son with his expenses by paying his car insurance. As for their daughter, insurance paid for her first set of braces but she needed braces again and insurance will not pay for this second set. The Stepps pay $ 127 a month for the braces. Stepp also noted that they are incurring additional travel expenses visiting colleges where their daughter might attend upon graduation from high school next spring, as well as for her to travel to Ardmore daily for concurrent enrollment in college. They have expenses related to her school activities. She acknowledged that they should have amended their schedules earlier than they did and increased plan payments, however she stated they could not afford the approximately $800 additional monthly payment Trustee proposed. Stepp also admitted that they lived beyond their means prior to filing

bankruptcy. However, she assured the Court that they have lived within a budget during bankruptcy and have not accumulated any additional income that could have been paid to their creditors.

## II.      Conclusions of Law

11 U.S.C. § 1329(a)(1) permits post-confirmation modification prior to completion of the payments under a Chapter 13 Plan to increase the amount of payments on claims of a particular class. Trustee seeks to increase plan payments for the remainder of the 60 months' plan and thus increase the distribution to unsecured creditors, due to an increase in Debtors' income for 2014. He has agreed to reduce the amount he originally sought of $ 1,000 by $ 200 to accommodate the reduction in income Debtor Jimmy Ray Stepp, Jr. has experienced this year. Debtors do not dispute that their income increased and offered to increase their plan payments, but they say they cannot afford the increase Trustee proposes.

The Court agrees with Trustee that the increase in income for these Debtors is substantial and justifies an increase in plan payments. He has met his burden of showing a substantial change in Debtors' ability to pay since the last plan was confirmed. The Court also agrees that the $ 8,000 reduction in income year-to-date should factor into the computation of how much plan payments should be increased. Debtors' expenses do not appear to have increased commensurately with their income; thus, an increase in plan payments is justified. These Debtors are to be commended for nearing the completion of their sixty (60) months plan. And, the Court understands their desire to assist their son who is attempting to live independent of his parents. However, the Court finds that this expense is not justified under Debtors' circumstances. They have significant income and should be able to increase their monthly plan payments to pay their unsecured creditors. Their household size has been reduced since filing. Although Debtors state they travel for work and

education a significant distance each day, transportation expenses should be less due to low fuel prices. The Court will allow the expense of $ 100 per month for post-petition medical bills for their daughter's braces.

The Court concludes that Debtors will not be allowed to deduct $ 200 for payment of their son's auto insurance, thus their monthly disposable income should be $ 2,085.31. The resulting increase in plan payment is $ 731.31 for the remainder of the plan term.

A separate order approving modified plan will be entered simultaneously herewith.

###